UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COURTNEY SCHWARTZ and DOUGLAS SCHWARTZ, individually and as next friends of C.D.S., a Minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and LONGVIEW MEDICAL CENTER, L.P. d/b/a LONGVIEW REGIONAL MEDICAL CENTER,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civ. Action No. 2:23-cv-00528-JRG |

**UNITED STATES OF AMERICA'S
MOTION TO TRANSFER VENUE**

Plaintiffs filed this lawsuit on November 17, 2023 in the Marshall Division of the Eastern District of Texas, ECF No. 1, even though this lawsuit has no connection to the Marshall Division. Plaintiffs are residents of Gregg County, Texas. ECF No. 1, ¶ 2.01. The lawsuit arises out of medical care received by Wellness Pointe and Longview Regional Medical Center employees in Longview, Texas, also in Gregg County, Texas. ECF No. 1, ¶¶ 5.02 and 5.09. Gregg County, Texas is in the Tyler Division of the Eastern District of Texas. The only connection to the Marshall Division is Plaintiffs' choice. For the reasons discussed herein, the United States of America respectfully requests this Honorable Court transfer this case from the Marshall Division to the Tyler Division pursuant to 28 U.S.C. § 1404(a).

**BACKGROUND**

Plaintiffs Courtney Schwartz and Douglass Schwartz and their son C.D.S. (herein collectively "Plaintiffs") reside in Longview, Gregg County, Texas. ECF No. 1, ¶ 2.01. They filed

this case on November 17, 2023 alleging medical malpractice by employees of Wellness Pointe Longview/Pine Tree ("Wellness Pointe"), a federally qualified healthcare facility located in Longview, Texas and Longview Regional Medical Center ("LRMC"), a healthcare facility also located in Longview, Texas. *See generally* ECF No. 1. Plaintiffs and the providers who provided care to Plaintiff which forms the basis of Plaintiffs' Complaint are in the Tyler Division. Due to minor Plaintiff's medical conditions, he has also received medical care from providers located in Dallas, Texas and Fort Worth, Texas. For reasons rooted in local interests and convenience, Defendant United States of America respectfully requests that this Court transfer this matter to the Tyler Division of the Eastern District of Texas.

## ARGUMENT

### I.    Legal Standard

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Application of section 1404(a) is a two-part process. First, the court must determine whether the venue to which transfer is sought is one in which the case could have been filed. *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). If the answer is yes, the court then weighs the following private and public interest factors:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: [(5)] the administrative difficulties flowing from court congestion; [(6)] the local interest in having localized interests decided at home; [(7)] the familiarity of the forum with the law that will govern the case; and [(8)] the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (citations and internal punctuation omitted). "The §1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). The court should grant a motion to transfer venue pursuant to Section 1404(a) "if 'the movant demonstrates that the transferee venue is clearly more convenient,' taking into consideration" the public and private interest factors enumerated in *In re Volkswagen of Am., Inc.,* 545 F.3d 304 (5th Cir. 2008). *Id.* "The Supreme Court has long held that §1404(a) requires 'individualized, case-by-case consideration of convenience and fairness.'" *In re Genentech,* 566 F.3d 1338,1346 (Fed. Cir. 2009) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964). No single factor is dispositive. *Volkswagen II,* 545 F.3d at 314–15.

Factors 1 (relative ease of access to sources of proof), 2 (compulsory process to secure witness attendance), 7 (familiarity with the governing law), and 8 (avoidance of conflicts of law) are neutral. The other factors are discussed below.

**II.    The Tyler Division has localized interests in this matter (public factor).**

The community of the Tyler Division has a strong local interest in this matter because the events, parties, and witnesses are all part of the Tyler Division community. There is "local interest in having localized interests decided at home," *In re Volkswagen,* 371 F.3d at 206 (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6 (1981)), and "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Id.* (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1947) (internal quotations omitted), superseded by statute on other grounds as stated in *American Dredging Co. v. Miller,* 510 U.S. 443 (1994). Courts have recognized that "[t]ransfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case." *La Day v. City of Lumberton*, 2:11-cv-237-JRG, 2012 WL 928352, at *2 (E.D. Tex. March 19,

2012) (Gilstrap, J.); *Hudman v. United States of America*, 6:21-cv-169-JRG, *5 (E.D. Tex. April 28, 2021), *attached hereto as* Exhibit "1."

In *La Day*, this Court found that the transferee division clearly had the greater local government interest because the facts giving rise to the lawsuit occurred in the transferee division and a clear majority of the witnesses and evidence were also located in the transferee division. *La Day*, *supra*, at *3–4. Similarly, in *Hudman*, the Court found that the Tyler Division had a greater localized interest in the case where the accident at issue took place in the Tyler Division and the plaintiffs were residents of the Tyler Division. *Hudman*, *supra*, at 5.

So too here. In this case, as in *La Day* and *Hudman*, all operative facts occurred in Gregg County, Texas, which falls within the Tyler Division. Plaintiffs also reside in Gregg County, within the Tyler Division. The relevant witnesses, including LRMC employees and Wellness Pointe employees who provided care to Plaintiff Courtney Schwartz, are also located in Gregg County, Texas, which falls within the Tyler Division. The events giving rise to this lawsuit also occurred in Gregg County, Texas, which falls within the Tyler Division. These facts give rise to the Tyler Division community's localized interest in this matter and having this matter decided by the members of the Tyler Division community. There are no known localized interests in this litigation held by the Marshall Division. Although Plaintiffs are not entitled to jury trial as to its claims against the United States, Plaintiffs have demanded a jury trial as to Defendant LRMC. Thus, the community of people meant to carry the responsibility of jury duty is not those of the Marshall Division, but the Tyler Division because the Marshall Division has no relation to this litigation. Thus, this localized interest factor weighs heavily in favor of transfer to the Tyler Division. *See, e.g., Hudman*, *supra*, at *4.

*Hudman* is instructive. In that case, the Court considered similar facts and found private factors supported transfer from the Marshall Division to the Tyler Division. The Court found the Tyler Division was a more convenient venue than the Marshall Division when the plaintiffs resided in the Tyler Division, the medical treatment occurred in the Tyler Division, persons with knowledge of the facts of the case resided in the Tyler Division, and sources of proof were located in the Tyler Division. *Hudman*, *supra*, at \*4. In reaching this conclusion, the Court rejected the plaintiffs' argument that the Marshall Division was more convenient because it would take an additional aggregate distance of 46.9 miles of travel have the witnesses and sources of proof produced at the Tyler courthouse rather than the Marshall courthouse. *Id.* As in *Hudman*, the Court should find the private interest factors favor transfer.

Plaintiffs will likely point to the Court's hypothetical discussion in *Smith v. Michels Corp.*, No. 2:13-cv-00185-JRG, 2013 WL 4811227 (E.D. Tex. Sept. 9, 2013) to argue transfer is not appropriate notwithstanding the lack of any connection to the Marshall Division. In that case, the Court posited a hypothetical "wherein all of the events occurred and witnesses reside in Carthage, Texas, for example, would have to be transferred to the Tyler Division of the Eastern District of Texas. Yet a transfer to the Tyler Division would require these hypothetical parties and witnesses to travel 33 miles *further* to the United States Courthouse in the Tyler Division than the Marshall Division." *Michels*, *supra*, at \*4 (emphasis in original). But that is exactly what the Court did in eight years later in *Hudman*, when it transferred the case from the Marshall Division to the Tyler Division despite plaintiffs' showing that transfer to the Tyler Division would result in an almost 50-mile increase in aggregate travel. *Hudman*, *supra*, at \*4. This is because without a lack of connection to any of the facts, the public interests strongly favor having the matter decided local, which means it should be decided in the Tyler Division.

### III. The Tyler Division is more convenient to the witnesses and sources of proof (private factor).

The sources of proof, Plaintiffs and a majority of the healthcare providers, are located in the Tyler Division. Plaintiffs are residents of Gregg County, Texas, which is in the Tyler Division. Based on information and belief, Defendant United States of America believes the place of Plaintiff Courtney Schwartz's employment, where she works Monday through Friday, is located somewhat closer to the Tyler courthouse than the Marshall Courthouse. Wellness Pointe and LRMC are located within the Tyler Division. In fact, the Complaint fails to identify any witnesses or sources of proof who are not located in the Tyler Division.

It is also noteworthy to mention that due to minor Plaintiff's medical conditions which Plaintiffs allege were proximately caused by Defendants, minor Plaintiff received medical care from healthcare providers located in Fort Worth, Texas and Dallas, Texas. Should the healthcare providers located in Dallas and Fort Worth be needed at trial to opine on minor Plaintiff's medical conditions (then and present), the Tyler Division courthouse is clearly a more convenient location to travel to (104 to 130 miles away from Dallas and Fort Worth providers, respectively) than that of the Marshall Courthouse (157 to 185 miles away from Dallas and Fort Worth providers, respectively). *See* Google Map Search Results, *attached hereto as* Exhibit "2." Obviously, this case is in its infancy, and it is difficult to determine what witnesses and sources of proof would be ultimately necessary at trial, but at this point, the information available indicates that the relevant witnesses and sources of proof are either located in the Tyler Division or are closer to Tyler, than in Marshall, Texas. Thus, this factor weighs in favor of transfer. *See, e.g., Hudman*, *supra*, at *4.

**IV.     There are no known administrative difficulties that might counsel against an intra-district transfer to the Tyler Division and transfer could help alleviate court congestion (public factor).**

Transferring the case from the Marshall Division to the Tyler Division will not cause delay in the case and can be done without administrative difficulties. This lawsuit is in the early stages. The Court has not set a scheduling conference or any other hearing and thus, transfer would not cause any administrative difficulties.

Moreover, it appears transferring this case to the Tyler Division would help ease court congestion. The Tyler Division has two district judges and two magistrate judges, whereas the Marshall Division only has one district judge and one magistrate judge. Although all judges in the Eastern District of Texas are extremely hard-working, the Tyler Division carries fewer cases per judge and those cases are terminated, on average, more quickly than cases filed in the Marshall Division. According to Lex Machina, from January 1, 2020 to January 18, 2024, there have been 2,292 cases pending before Chief Judge Gilstrap, 654 before Judge Barker, and 550 before Judge Kernodle. *See* Lex Machina Charts, *attached hereto as* Exhibit "3." The median time to termination of cases during that period is respectively 279, 172 days, and 198 days. *Id.* Based on these statistics, transferring the case to the Tyler Division might likely expedite its resolution. As such, this public interest factor weighs in favor of transfer.

## CONCLUSION

Based on the foregoing reasons, Defendant United States of America respectfully requests that this Court grant this motion and order transfer of this litigation to the Tyler Division as there is a localized interest of having this matter decided by the Tyler Division community, there is relative ease of access to proof, there are no known administrative difficulties associated with

transferring this matter, and the United States has met its burden in showing why transfer is appropriate.

          Respectfully submitted,

          DAMIEN M. DIGGS
          United States Attorney
          Eastern District of Texas

          */s/ Betty S. Young*
          JAMES G. GILLINGHAM, Texas Bar #24065295
          BETTY S. YOUNG, Texas Bar #24102498
          Assistant United States Attorneys
          United States Attorney's Office
          Eastern District of Texas
          110 N. College Street; Suite 700
          Tyler, Texas 75702
          James.Gillingham@usdoj.gov
          Betty.Young@usdoj.gov
          Telephone: (903) 590-1400
          Facsimile: (903) 590-1436

          **ATTORNEYS FOR THE UNITED STATES OF AMERICA**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on **February 5, 2024**, a true and correct copy of the foregoing has been forwarded to all counsel of record through the Court's electronic filing system (CM/ECF) as follows:

Les Weisbrod, lweisbrod@millerweisbrod.com
David E. Olesky, dolesky@millersweisbrod.com
Carrie Lynn Vine, cvine@millerweisbrod.com
Lauren N. Pierce, lpierce@millersweisbrod.com
Matthew Adair, madair@millerweisbrod.com
MILLER WEISBROD OLESKY
11551 Forest Central Drive, Suite 300
Dallas, TX 75243
*Attorneys for Plaintiffs*

Timothy Reynolds, timreynolds@steedlawfirm.com
STEED DUNNILL REYNOLDS BAILEY STEPHENSON, LLP
1717 Main Street, Suite 2950
Dallas, Texas 75201
*Attorneys for Longview Medical Center LP d/b/a Longview Regional Medical Center*

                                          */s/ Betty S. Young*
                                          BETTY S. YOUNG

## CERTIFICATE OF CONFERENCE

      I hereby certified that on February 5, 2024, I contacted Plaintiffs' counsel and counsel for Defendant Longview Regional Medical Center, to confer on the relief requested herein pursuant to Local Rule CV-7(h). Plaintiffs' counsel is opposed to the relief sought herein. Based on previous communication with counsel for Defendant Longview Regional Medical Center, counsel previously expressed being unopposed to the relief sought herein and in fact, filed its own Motion to Transfer Venue.

                                          */s/ Betty S. Young*
                                          BETTY S. YOUNG